1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
RANDY DEETS,                        )
9                                    )
                                     )
10            Plaintiff,             )          3:08-cv-00655-RCJ-RAM
                                     )
11    vs.                            )
                                     )          **ORDER**
12    CASTILO, C/O, *et al.*,        )
                                     )
13            Defendants.            )
      _____/
14
15            This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now
16    reviews plaintiff's first amended complaint (docket #27).
17    **I.  Screening Standard**
18            Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a
19    prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails
20    to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is
21    immune from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable
22    basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,
23    dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
24    contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim, however
25    inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th
26    Cir. 1989).

1    Dismissal of a complaint for failure to state a claim upon which relief may be granted is

2    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

3    Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

4    Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

5    232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

6    elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above

7    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The

8    pleading must contain something more...than...a statement of facts that merely creates a suspicion [of]

9    a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard, the court must

10   accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*,

11   425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all

12   doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).        Allegations

13   in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See*

14   *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*);

15   *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint

16   filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis

17   either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims

18   against defendants who are immune from suit or claims of infringement of a legal interest which clearly

19   does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional

20   scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.

21   1991).

22       To sustain an action under section 1983, a plaintiff must show (1) that the conduct

23   complained of was committed by a person acting under color of state law; and (2) that the conduct

24   deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

25   (9th Cir. 2006).

26   **II.  Instant Complaint**

2

1        Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued Nevada

2  Department of Corrections ("NDOC") Director Howard Skolnik, Nevada State Prison ("NSP")

3  corrections officer Randy Castillo, warden Bill Donat, NNCC doctor Snider, LCC doctor Scott, and

4  Does 1-15.  Plaintiff alleges that due to officer Castillo's negligence, he was crushed by a gate at NSP

5  on August 3, 2008.  Apparently, plaintiff was initially treated at NNCC for the injuries he sustained, but

6  he alleges that  LCC and NSP Doe medical personnel defendants refused to provide medication to

7  manage his ongoing pain, in retaliation for grievances he filed seeking medical treatment.  He asserts that

8  LCC is charging him $8.00 per medical visit for treatment of these injuries caused by Castillo.   Plaintiff

9  also asserts that Dr. Snider (and possibly Doe NNCC medical personnel) denied him his asthma

10  medications at NNCC for four months, during which he suffered several asthma attacks that endangered

11  his life, in retaliation for his complaints and grievances seeking asthma medication.  Plaintiff claims that

12  Doe defendants at NNCC refused to provide the psychiatric medication plaintiff requires in retaliation

13  for his grieving this issue.  Finally, plaintiff asserts that he has a progressive tendon problem in his hand

14  that is "cutting off feeling to the fingers" and causing pain.  He claims that Dr. Snider told him that

15  without surgery he would lose use of his hand, but refused to submit the surgery request because plaintiff

16  had only fourteen months of his sentence remaining and that Dr. Scott refused to provide pain

17  medications and also refused to submit a surgery request.  Plaintiff claims the doctors were retaliating

18  against him for filing medical kites and grievances.  Plaintiff claims violations of his Fourteenth

19  Amendment rights to due process and equal protection, his First Amendment rights, and his Eighth

20  Amendment rights.

21        **A.  Count I**

22        In count I, plaintiff sets forth a claim of "tort of negligence under state and federal laws"

23  against officer Castillo with respect to the incident in which plaintiff was crushed by a closing gate at

24  NSP.  No such tort claim exists under federal law.  To the extent that count I attempts to state a federal

25  claim, such claim is dismissed.

26  ///

3

1

**B.  Fourteenth Amendment Due Process Claims**

2          In count IV and count V, plaintiff alleges that he has received unequal medical treatment,

3  apparently in violation of the Fourteenth Amendment.   "Prisoners are protected under the Equal

4  Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v.*

5  *McDonnell*, 418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from

6  intentional discrimination on the basis of their religion.  *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th

7  Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence

8  of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976).  Plaintiff has not

9  alleged that defendants intentionally discriminated against him based on race or religion or his

10  membership in any other protected class.  Therefore, plaintiff's Fourteenth Amendment Equal Protection

11  claims are dismissed.

12

**C.  Fourteenth Amendment Equal Protection Claims**

13          "Where a particular amendment 'provides an explicit textual source of constitutional

14  protection' against a particular sort of government behavior, 'that Amendment, not the more generalized

15  notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v.*

16  *Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490

17  U.S. 386, 395 (1989)).  Therefore, plaintiff's medical treatment claims will be analyzed under the Eighth

18  Amendment right to be free from cruel and unusual punishment rather any generalized notions of

19  substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment due process

20  claims must be dismissed.

21

22

**D.  Eighth Amendment Claims**

23          The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

24  "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*

25  *v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not

26  constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

4

indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where

the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

The following counts set forth by plaintiff state colorable Eighth Amendment medical treatment claims: count II: that Dr. Snider (and possibly Doe NNCC medical personnel) denied him his asthma medications at NNCC; count III: that LCC and NSP Doe medical personnel defendants refused to provide medication to manage his ongoing pain; count IV: that Doe defendants at NNCC refused to provide necessary psychiatric medication; and count V: claims against Dr.'s Snider and Scott regarding the tendon problem in his hand.

### E. First Amendment Retaliation Claims

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

6

Plaintiff states colorable First Amendment retaliation claims in count II:  that he was denied asthma medication in retaliation for his complaints and grievances seeking asthma medication; count III:  that he was refused medication to manage his ongoing pain in retaliation for grievances he filed seeking medical treatment; and count IV: that he was refused psychiatric medication in retaliation for filing kites and his grieving this issue.

### F.  Defendants Skolnik and Donat

While plaintiff names NDOC Director Skolnik and Warden Donat as defendants, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (proper to dismiss where no allegations of knowledge of or participation in alleged violation).  Plaintiff does not allege that Director Skolnik or Warden Donat had knowledge of or participated in any alleged civil rights violation.  All claims against Director Skolnik and Warden Donat are dismissed with prejudice.

## III.  Conclusion

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #27).

**IT IS FURTHER ORDERED** that all claims against Howard Skolnik are dismissed.  Howard Skolnik is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that all claims against Bill Donat are dismissed.  Bill Donat is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment Due Process claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment Equal Protection claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that count I **may proceed** in conformance with this Order.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims set forth in counts II, III, IV, and V **may proceed**.

**IT IS FURTHER ORDERED** that the First Amendment retaliation claims set forth in counts  II, III, and IV **may proceed**.

**IT IS FURTHER ORDERED** as follows:

1.  The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2.  The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4.   If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

///

///

///

8

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to
Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED this 26th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

9

1

2

_____
Name

3

_____
Prison Number

4

_____
Address

5

_____

6

_____

7
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
8

9   _____, )      Case No. _____
                          Plaintiff,        )
                                            )
10  v.                                      )      **NOTICE OF INTENT TO**
                                            )      **PROCEED WITH MEDIATION**
11  _____   )
                                            )
12  _____   )
                          Defendants.       )
13  _____   )

14
          This case may be referred to the District of Nevada's early inmate mediation program.  The
15  purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
    which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient
16  resolution that is satisfactory to all parties.

17  1.    Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes    \_\_\_\_ No

18  2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

19        _____

20        _____

21        _____

22  3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court
          in the last five years and the nature of each case. (Attach additional pages if needed).
23
          _____
24
          _____
25
          _____

26

4.  List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 20_____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

11